# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| STEVEN GLEN HUTCHISON, | ) | |
| | ) | |
| *Petitioner*, | ) | Case No. 3:25-cv-16 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| JAMES M. HOLLOWAY, | ) | Magistrate Judge Jill E. McCook |
| | ) | |
| *Respondent*. | ) | |
| | ) | |

## MEMORANDUM ORDER

Petitioner, a state prisoner, filed a petition seeking habeas corpus relief under 28 U.S.C. § 2254 challenging his 2012 Jefferson County, Tennessee criminal convictions for aggravated sexual battery, rape, statutory rape and sexual battery by an authority figure, and furnishing alcohol to minors through claims that (1) Tennessee's Sex Offender Registration Act violates the Ex Post Facto Clause and his right to be free from double jeopardy, (2) the lifetime community supervision requirement of his sentence violates his right to be free from double jeopardy, and (3) his guilty plea was unknowing and involuntary because he "was never advised of the direct consequences" of Tennessee's Sex Offender Registration Act (Doc. 1, at 1–3). Respondent filed an answer to the petition asserting, among other things, that the petition is untimely (Doc. 10), as well as the state court record (Doc. 9). Petitioner did not file a reply, and his time for doing so has passed (Doc. 8, at 1). For the reasons set forth below, the petition will be **DISMISSED** because it is time-barred.

## I. STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, *et seq*., provides a one-year statute of limitations for the filing of an application for a federal writ of habeas corpus. The statute provides in relevant part as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A)    the date on which the judgment became final by the conclusion of direct review . . . . or
>
> * * *
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

## II. ANALYSIS

On April 26, 2012, pursuant to a "Waiver of Jury Trial and Guilty Plea" and plea agreement[1] that Petitioner signed, a Jefferson County judge entered judgments against Petitioner for numerous charges, including aggravated sexual battery, rape, statutory rape and sexual battery by an authority figure, and furnishing alcohol to minors (Doc. 9-1, at 14–17; Doc. 9-2, at 9–19). In his signed "Waiver of Jury Trial and Guilty Plea" Petitioner agreed, among other things, (1) to serve a sentence of eighteen years in the Tennessee Department of Correction; (2) to community supervision for life; and (3) to register as a sex offender upon release (Doc. 9-1, at

---

[1] The plea agreement for these charges indicates that Petitioner entered an "*Alford* plea" (Doc. 9-1, at 15). In *North Carolina v. Alford*, the Supreme Court explained that the constitution permits an accused to plead guilty in his best interest, while professing his actual innocence. 400 U.S. 25, 31 (1970).

2

15). Petitioner did not appeal the criminal judgments entered against him in accordance with his guilty plea (*See generally* Docs. 9-1, 9-2).

As Petitioner did not file an appeal regarding his convictions within the thirty days in which he could have done so under Tennessee law, *see* Tenn. R. App. P. 4(a), the AEDPA statute of limitations began to run on May 28, 2012, when his time to file any such appeal expired. *See, e.g.*, *Feenin v. Myers*, 110 F. App'x 669 (6th Cir. 2004) (citing Tenn. R. App. P. 4(a)) (providing that where the Tennessee habeas corpus petitioner did not pursue a direct appeal, his state court conviction was deemed "final" when the thirty-day time-period in which he could have done so ended). The AEDPA's one-year statute of limitations then expired on May 29, 2013, without Petitioner filing any state or federal challenge to his convictions.

While Petitioner then filed various motions seeking relief regarding his convictions and/or sentences after May 29, 2013 (*id.* at 18–36), including motions in which he asserted that (1) his guilty plea was unknowing and involuntary because he was unaware of the lifetime community supervision portion of his sentence and (2) the lifetime community supervision and Tennessee Sex Offender Registration elements of his sentence were unconstitutional (*id.* at 26–27, 29–36), these filings had no effect on the already-expired AEDPA statute of limitations. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run") (citation omitted).

Petitioner filed his § 2254 petition in this action on November 14, 2024 (Docs. 1, 3), more than eleven years after the AEDPA statute of limitations expired.[2] Accordingly,

---

[2] Nothing in the petition suggests that Petitioner discovered the factual predicate for any of his claims within the year before he filed this action, such that the claims could be timely under 28 U.S.C. § 2244(d)(1)(D). Nor would any such assertion appear likely to have any merit due to the terms of Petitioner's *Alford* plea, which specifically stated that Petitioner would be subjected to

3

Petitioner's § 2254 petition is untimely. And Petitioner has not asserted, much less established, that he is entitled to equitable tolling of the statute of limitations. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (providing that equitable tolling is warranted where a petitioner shows that he diligently pursued his rights, but an extraordinary circumstance prevented him from timely filing his petition); *see also Graham-Humphreys v. Memphis Brooks Museum of Art. Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (providing that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day").

**III.    CONCLUSION**

Accordingly, the Court will dismiss the petition because it was untimely filed. The Court therefore now must consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Where the district court rejects the § 2254 petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001). As reasonable jurists would not debate the Court's ruling that the § 2254 petition is time-barred, a COA will not issue.

Accordingly, for the reasons set forth above:

1. The Court will **DISMISS** the petition time-barred;

2. A COA will not issue; and

3. The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

---

lifetime community supervision and would have to register as a sex offender (Doc. 9-1, at 14–15).

4. The Clerk is **DIRECTED** to close the case.

**SO ORDERED**.

>   /s/ *Travis R. McDonough*
>   **TRAVIS R. MCDONOUGH**
>   **UNITED STATES DISTRICT JUDGE**

4. The Clerk is **DIRECTED** to close the case.

**SO ORDERED**.

>   /s/ *Travis R. McDonough*
>   **TRAVIS R. MCDONOUGH**
>   **UNITED STATES DISTRICT JUDGE**